UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SANDERS LAMONT ADAMS, 93-A-7902,

        Plaintiff,

        -v-

J. EMMERLING, J. KUSIOWSKI,
R. HAGEDORN, R. HANN, C. CZARNECKI,
M. TAYLOR, ROBERT E. TRABER, DULSKI,
G. RONCONE, and A. NOWICKI,

        Defendants.

**DECISION and ORDER**
99-CV-282S(Sr)

---

      Before the Court is plaintiff's motion (Docket No. 76) to reconsider the Court's orders, issued in 2002, granting defendants' motion for summary judgment and denying plaintiff's previous motion for reconsideration.[1] (Docket Nos. 67 and 71). The Court considers plaintiff's submission to be a motion under Fed.R.Civ.P. 60(b), which provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time.

      Plaintiff's motion fails to provide any relevant information which would lead this Court to reconsider its previous orders in this matter. The motion can only be described as incoherent and nonsensical, the notice of motion consisting largely of a copy of a December 2004 inmate grievance appeal setting forth a blizzard of citations to pleadings and orders that were filed in a number of the many other frivolous lawsuits the petitioner

---

[1] Plaintiff appealed the Court's orders granting summary judgment and denying his prior motion for reconsideration. Both appeals were summarily dismissed. (Docket Nos. 73 and 75).

has initiated in the federal courts in New York over the years and to inmate grievances he has filed in the past. Plaintiff's supporting affirmation likewise simply references a number of other lawsuits and prison grievances that he has previously filed.

In short, the instant motion is entirely in keeping with what the Second Circuit has termed the petitioner's "uncontrollable propensity to pursue vexatious and harassing litigation," *Adams v. Selsky*, 03-0023, Mandate (2d Cir. Apr. 12, 2004) (citations omitted), and illustrates why this Court imposed upon petitioner the sanctions enumerated in its Decisions and Orders of April 5 and June 13, 2005 in another of the many cases he has filed in the Western District. (*See Adams v. West*, 04-CV-0844S, Docket Nos. 9 and 12). Accordingly, the petitioner's motion for reconsideration is denied.

SO ORDERED.

Dated: September 21, 2005
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge